<span style="float:left">WESTERN DIST.<br>*October,* 1840.<br><br>STRONG<br>*vs.*<br>RACHAL ET AL.</span> contained in the last act of sale, and thereby accepted them in their fullest extent; he had a right to do so, and the plaintiff cannot now be allowed to object to the enforcement of the obligations by him contracted in the said act.

---

### STRONG *vs.* RACHAL ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE THEREOF PRESIDING.

The Act of Congress, passed 29th May, 1830, gives every settler. or occupant of the public land, a pre-emption right to purchase a quarter section at the minimum price, but forbids *all assignments and transfers of such right* of pre-emption, prior to issuing of patents therefor, under the penalty of nullity.

The act of 1832, which authorizes persons who have purchased their pre-emption rights to transfer their certificates and receipts of the land officers, and the issuing of patents to the assignees, *does* not repeal that part of the act of May 29, 1830, which declares all *transfers of the right* of pre-emption null and void.

So, the sale and mortgage of a pre-emption right to a quarter section of land, before a receipt and certificate is obtained from the land officers, under the act of congress of the 28th May, 1830, is null and void.

This suit commenced by injunction. The plaintiff and defendants, A. & I. Rachal, entered into a written contract by notarial act, the 16th February, 1836, in which the Rachals sell to the former their *pre-emption right* to one hundred and

sixty acres of land, in the parish of Natchitoches, for the sum of five thousand three hundred dollars, payable in two instalments, for which Strong gave his two promissory notes, with a surety. The first for one thousand five hundred dollars, payable the 20th March, 1836, and another for three thousand eight hundred dollars, payable the 20th day of March, 1837; the vendors retaining a mortgage on the land until complete payment.

In the act of sale, the Rachals bind themselves to procure a complete and unincumbered title from the government of the United States to said land, and there is no time mentioned in the act, within which this is to be done. There is further stipulation or condition in said act, that in case the Rachals should fail to procure a title to more than eighty acres of this tract of land, that then they are to receive only two thousand six hundred and fifty dollars; and in case they are unable to make title to any part thereof, the said Strong shall recover back all that he may have paid. In order to secure the performance of this contract on the part of the vendors, they bind themselves to enter into a bond with good and sufficient security to this effect.

When the second note of Strong became due, he declined or failed to pay it. On the 16th January, 1838, the Rachals obtained an order of seizure and sale against the land, on their mortgage, for the payment of the note. Strong procured an injunction against the sheriff alone, who was proceeding with the sale.

The Rachals, by counsel, came into court and moved that the injunction be dissolved, on the following grounds, viz:

1. Because the real persons in interest were not made parties, but only the sheriff.

2. That the injunction was wrongfully sued out; the vendors having given an indemnity bond to Strong, to secure him, should the title not be made as stipulated in the act of sale. They pray for the dissolution of the injunction, with damages, &c.

There was no evidence that the indemnity bond had been executed.

The district judge rendered judgment dissolving the injunction as soon as the Rachals should execute an indemnity bond, in the penalty of six thousand dollars, to secure Strong against the payment of five thousand three hundred dollars, in the event of their failure to procure title from the United States for any part of said land, with a condition to refund half the original price, in case they were only able to make title to eighty acres. That as soon as the bond is filed, the Rachals are entitled to proceed with their seizure and sale.

From this judgment, the plaintiff appealed.

*Morse,* for the plaintiff.

*Sherburne,* for the defendant.

*Garland, J.,* delivered the opinion of the court.

This is an injunction to arrest the execution of an order of seizure and sale, obtained by the Rachals, to have seized and sold a tract of land which, they allege, they sold to Strong, on which a mortgage was retained. The plaintiff in this suit says, A. & I. Rachal engaged to make him a complete title to the land, which they have not done. That they have no title to it, and the interest they may have or had is such a one as is not subject to mortgage, and they cannot sell it under an order of seizure. The evidence shows the land belongs to the United States. The Rachals say they are entitled to purchase it under the pre-emption law, passed by Congress on the 29th May, 1830, and the act supplementary thereto approved July 14, 1832. The first authorized every settler or occupant of the public land, to purchase, at the minimum price, a quantity not exceeding one quarter section, in which act is a clause, forbidding all assignments and transfers of the right of pre-emption, prior to the issuing of patents, under the penalty of nullity. The Rachals have never made any effort, so far as the record states the facts, to establish their right of pre-emption, nor have they ever paid any thing for the land, or offered to do so, but they say their

The act of congress passed the 29th May, 1830, gives every settler or occupant of the public land, a pre-emption right, to purchase a quarter section at the minimum price, but forbids all assignments and transfers of such right of pre-emption, prior to issuing of patents therefor, under the penalty of nullity.

privilege still exists under the supplementary law, and the land is not yet surveyed or liable to entry. It may be true their right to purchase still exists, but a sale of it is expressly declared to be null and void, by the same law that confers it. See *section* 3 of the *Pre-emption Act* of May 29, 1830.

STRONG
*vs.*
RACHAL ET AL.

The counsel for the Rachals contends, that the clause of nullity in the act of May 29, 1830, is repealed by the supplementary act, approved January 23, 1832, which authorizes all persons who have purchased under the first law, to assign and transfer their certificates and receipts from the land officers, and the issuing of patents in the name of the assignees. This act does not, in our opinion, repeal that part of the previous one, which declares all " transfers of the right of pre-emption" null and void, previous to the issuance of patents, but only modifies it, and says those who have purchased, may sell and transfer the evidence of their titles, but it does not follow, that those who have not purchased, are released from the disability imposed by the same law that grants the privilege. The right of the Rachals, not being one to an immoveable that could be alienated, is not susceptible of being mortgaged : *Louisiana Code, art.* 3256. It, therefore, follows, that no order of seizure could issue on the act of sale from the Rachals to the plaintiff, to sell land, the title to which is yet in the United States, and only liable to be divested on conditions which are mutual, and which either party may neglect or refuse to perform.

The act of 1832, which authorizes persons who have purchased their pre-emption rights, to transfer their certificates and receipts of the land officers, and the issuing of patents to the assignees, does not repeal that part of the act of May 29, 1830, which declares all *transfers of the right* of pre-emption null and void.

So, the sale and mortgage of a pre-emption right to a quarter section of land, before a receipt and certificate is obtained from the land officers, under the act of congress of the 29th May, 1830, is null and void.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled and reversed ; that the injunction issued in this case be made perpetual, and Athanas and Isaac Rachal pay the costs in both Courts.