ALLEN D. RATCLIFF v. INGEODOZEAR C. BRIDGER.

Improvements made on the public lands may be sold, and are a good consideration for a note, though such sale gives no title to, nor any lien or privilege upon the land independently of the rights conferred by the laws of the United States.

APPEAL by the defendant from a judgment of the District Court for the parish of Caldwell, *King, J.,* in favor of the plaintiff.

*Mayo* and *Garrett,* for the plaintiff.

*McGuire* and *Ray,* for the defendant.

GARLAND, J. The defendant being sued on his promissory note for $2000, pleads that he was induced to sign it by the fraudulent and false representations of the plaintiff, who pretended to be the owner of valuable improvements upon public land upon Long Lake, in the parish of Caldwell, which he sold defendant. He says these improvements were not worth $200. He says there was error on his part, fraud on the part of plaintiff, and no consideration for the note.

We find in the record a sale in writing from plaintiff to defendant of all his claims and improvements on Long Lake upon the public domain, it being distinctly understood and expressed at the time, that the land, for which the note was given, belonged to the United States.

The defendant endeavored to prove the improvements were not worth as much as he promised to give for them, and contends that the sale of them was illegal, as the parties expected a pre-emption right might be obtained at some future day. Nothing is said of a right of pre-emption in the sale, and if Bridger ever gets one, it will be by virtue of his settlement, and not of the purchase made from plaintiff. The evidence in relation to the value of the improvements varies a good deal as to their value, but there is no plea of lesion. We are of opinion that improvements made on the public land may be sold, and form a good consideration for a promissory note, but such sale gives no title to or lien or privilege upon the land, independent of the rights conferred by the laws of the United States. 16 La., 232.

The defendant complains most ungraciously of the sale made to him by the plaintiff. We see from the evidence, that he purchased of the plaintiff four or five improvements; he has by an authentic act sold three of them to a man named Holt for $2000; he occupies the others, and now coolly turns upon his vendor and charges him with fraud for doing what he has himself done. We will not countenance such conduct.

*Judgment affirmed.*