APOLLINAIRE BAILLIO *v.* DAVID BURNEY and another.

To recover against a mere trespasser, who sets up no title in himself or in any other person, it is unnecessary that the plaintiff should show a title, perfect in all respects; one apparently good will suffice.

Where it is proved that the land claimed by the plaintiff would be equally, or more valuable to him with the timber on it, defendants, who were mere trespassers, will not be allowed any thing for the expense incurred by them in clearing it.

APPEAL from the District Court of Rapides, *King*, J.

*Hyams*, for the plaintiff.

*Brent*, for the appellants.

GARLAND, J. This suit is brought to recover a tract of land fronting on Red River, being lot No. 35, in township No. 4, north range No. 1 west, containing 134$\frac{82}{100}$ acres, with the rents and

Baillio v. Burney and another.

fruits. The plaintiff claims title by different mesne conveyances from one Louis Huet or Wite, who purchased from the United States. The defendants set up no title to the premises in their answer, nor do they pretend to have any. They are, therefore, trespassers.

The plaintiff exhibits a regular chain of deeds from Huet to himself, the receipt of the Receiver of Public Moneys, and a certificate from the Register of the Land Office at Opelousas, showing that the United States had parted with their title to the land, and that the party was entitled to a patent for it. The deed to the plaintiff is dated on the 22d of December, 1836, previous to any possession proved in either of the defendants. They exhibit no title, but prove, by parol evidence, that they have been for some time in possession of the land, and that, notwithstanding the institution of this suit, they have gone on to clear, cultivate, and improve it; and they claim the value of their improvements. The plaintiff shows that on his lands adjoining, there is a great scarcity of timber, and that this land is very valuable on that account. The evidence shows that to the plaintiff the land would be nearly, if not quite as valuable with the timber standing on it, as after having been cleared; and, further, that the defendants have cut and carried away, or destroyed, a quantity of the best timber. It is shown that the cleared land is worth to the defendants a rent of four dollars per acre per annum, and the number of acres which each defendant has in possession is established. It also appears that Burney has made and carried off the premises a large number of rails.

There was a judgment for the plaintiff for the land, and for rent since the service of the citation, and against Burney for the value of the rails. From which both defendants have appealed.

In this court, the counsel for the defendants has urged, that the judgment of the District Court should be reversed, because the title of the plaintiff is null and void, he having purchased a pre-emption right under the act of Congress of June 19, 1834, previous to the issuing of a certificate of purchase, which he alleges is prohibited. The evidence shows that the proof of the right of pre-emption was made previous to the date of the deed, although, from some cause, the purchase was not actually completed until

Baillio v. Burney and another.

afterwards. The plaintiff is not the vendee of the pre-emptor, but is a third purchaser from him, and there is no allegation of any collusion or unfairness. It is not necessary for us, under these circumstances, to investigate the question raised by the counsel. If there be a defect in the plaintiff's title, it is not one with which the defendants have any thing to do. They are trespassers, and to recover against them, it is not necessary to show a title perfect in all respects. *Patin* v. *Blaise*, 19 La. 396. If there be defects in the plaintiff's title, it does not become the defendants to assert it, who set up no title in themselves nor any better one in any other person. The ground taken by this court, in the case of *Bedford* v. *Urquhart, &c.*, meets our approbation now, and it is time to let it be understood, that one man cannot, without title, or the assertion of a better title in another, take possession of the property for which a third person has paid his money, and to which he has apparently a good title, and then call on the complainant to exhibit his titles, and, when exhibited, commence a search for defects, and if every link in the chain be not perfect, keep possession without a legal or equitable right in himself. This court will protect every man in the rights which the law gives him, but it will not aid any one in retaining the possession of that to which he exhibits no right, or does not, even on the record, assert a claim. This case is different in several essential particulars from that of *Strong* v. *Rachal, &c.* (16 La. 232) ; and, in relation to the question of improvements made since the commencement of the suit, is in accordance with the principles settled in the case of *Pearce, &c.* v. *Frantum,* 16 La. 414, 423.

*Judgment affirmed.*

IN the cases of *Joseph Blinco* v. *John D. Grimball and another*, and *Edward Simon* v. *Jacob W. King*, from the District Court of St. Mary, decided at Opelousas ; and of *Andrew E. Crane* v. *Felix Bosworth and another* from the District Court of Carroll, *William R. Taylor and another* v. *George W. Lovelace and another* from the District Court of Catahoula, and *Bernard Hemken* v. *Maberry Wafer* from the District Court of Claiborne, decided at Alexandria, the judgments of the lower courts were affirmed, with damages for frivolous appeals.