EDWARD BROUGHTON *v.* EDWARD P. KING.

The plaintiff in a petitory action may introduce evidence to support an allegation in the petition, that the only title of the defendant was derived from him, and that the latter holds under him. Such evidence is admissible to show under what pretext the defendant took possession, and to destroy the plea of prescription. If the defendant got possession under color of a title derived from the plaintiff, he cannot throw it aside and set up his possession against it, and maintain a plea of prescription; but if he did not obtain possession under it, the plaintiff cannot force the title on him, against his will.

An allegation in the answer of the defendant in a petitory action, that he has a title translative of property, unaccompanied with any statement as to its character or derivation, will not entitle him to be considered any thing more than a mere trespasser, against whom it is unnecessary that the plaintiff should show a title perfect in all respects, one, apparently good, sufficing.

APPEAL from the District Court of Concordia, *Willson,* J.

*F. H. Farrar,* for the appellant.

*Dunlap,* for the defendant, contended that this being a petitory action, the plaintiff can only recover on the strength of his own title. Code of Practice, art. 44. 9 Mart. 267. 5 La. 178, 183. 8 La. 234, 241. 10 La. 351.

GARLAND, J. The petitioner claims a tract of land on the Mississippi river, containing six hundred and forty acres, of which he says he is the owner, by virtue of a sheriff's sale, made under a writ of *fieri facias,* in favor of John Henderson against Peter Prestler senr. and Simon Prestler, on the 24th of March, 1824. He states that he took possession of said land on the day aforesaid, and had the same in possession until about the month of November, 1829, when the defendant, pretending to have a title thereto, under a certain sheriff's sale, which is void and null, took possession, and retains it to his great damage. Wherefore he asks for a judgment for the land, and for damages.

The defendant denies that he is in possession of any land belonging to the plaintiff, or claimed by him; but if he is, he denies that the plaintiff has any right or title to it. He further avers, that the premises in his possession, he, and those under whom he claims, have owned and possessed for more than twen-

ty years, by virtue of just titles, translative of property. Wherefore he pleads the prescription of ten and twenty years. He further, in case of eviction, sets up a demand for the improvements he has made, &c., which it is not now necessary to state in detail. The evidence as it stands, shows that the land was confirmed to Joshua Prestler, by the United States commissioners, on the 14th of May, 1811. On the 23d February, 1821, Joshua Prestler mortgaged it to John Henderson, to secure the payment of a note given by said Joshua and Simon Prestler. On the 26th of August, 1822, Henderson obtained from the judge of the District, an order to this effect: " Let the tract of land mentioned and described in the within petition, and in the annexed mortgage, be seized and sold according to the provisions of the statute in such case made and provided." On this the sheriff returned: " In this case the land has been sold on twelvemonths' credit, and a bond taken for $1700, agreeably to the act of 1817. Concordia, February 24th, 1823." A twelvemonths' bond, executed by Peter Prestler senr. and Simon Prestler, as surety to John Henderson, for $1700, dated February 17th, 1823, is filed, with a deed from the sheriff to Peter Prestler senr. for the land, stating in what way it had been sold to him, the giving of the bond, and with the other usual recitals in deeds of that description. The twelve-months' bond became due on the 17th February, 1824, and, on the 19th, an execution was issued on it, upon which, the sheriff appears to have made no return ; but a deed from him to the plaintiff is found in the record, dated March, 20th, 1824, in which he says, that he had sold him the land under the *fieri facias* aforesaid.

Upon the order or decree of the judge given on the 26th of August, 1822, it does not appear that any writ or process issued from the clerk of the parish to the sheriff, directing him to sell the property ; but we find that an appraisement of it was made, on the 7th of October, 1822.

The parol evidence establishes the fact, of the defendant being in possession of the land mentioned in the certificate of confirmation to Joshua Prestler, and that he has been so since the year 1828, or 1829. The same witness who proves this fact, says, as we understand the testimony as taken down, that he

saw Broughton at the time of the sale of the land, "and perhaps has seen him there, one time since." There is some discrepancy in the statements of the witnesses, as to the time since the plaintiff has resided out of the State ; but the best evidence on the subject, fixes the time at about the year 1826 or 1827. The defendant had the land leased to a tenant, and exhibited no title of any description.

When the plaintiff had concluded his testimony, the defendant's counsel moved to dismiss the plaintiff's action, as he had failed to make out a legal title to the premises, and that the defendant have a final judgment in his favor. On this motion, and the evidence, the cause was submitted to the court, and a judgment for the defendant was given generally, no other reason, than that the law and evidence were against the plaintiff, being assigned by the judge. From this judgment the plaintiff has appealed.

The first question to which the plaintiff's counsel has directed our attention, is a bill of exceptions taken by him to the opinion of the court, refusing to permit him to offer as evidence the record of the suit of *Hoover's Curator* v. *William Parker jr. and Edward Broughton*, it being the case set forth in the petition, for the purpose of supporting the allegation that the only title the defendant had was derived from the plaintiff, and that he held under him. This was objected to, on the ground that the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. The court sustained the objection, and rejected the evidence.

We are of opinion that the court erred, in rejecting the evidence offered and described in the bill of exceptions. It was clearly not good for the purpose of forcing a title on the defendant, or to set up one for him ; but we think it was good evidence, to show under what pretext he went into possession of the land, and also to destroy the plea of prescription. If the defendant got possession under a color of title derived from the plaintiff, he cannot afterwards throw it aside, and set up his possession against it, and maintain his plea of prescription. Suppose it had been a lease the plaintiff had offered, or a sale accompanied with a counter-letter ; it is certain that the de-

fendant would not have been permitted to say that he did not wish the plaintiff to make a title for him, and thus reject the very title, or pretext of one, under which he got possession. The Code of Practice, art. 44, says that the plaintiff "must make out his title;" but it does not say how he shall make it out, nor what kind of a title must be made out against one who holds under him. The defendant was not necessarily bound by the title which the plaintiff wished to show he had; he very probably had a right to set up any other he had; nor are we prepared to say, that the title offered would be binding as to the question of possession. That would depend on the fact, whether the defendant used it to obtain possession. If he did not, the plaintiff cannot saddle him with it against his will; but if he did so use it, he cannot escape the consequences, by throwing it off after the purpose is effected.

The movement made by the counsel for the defendant is somewhat novel in our courts, and such a course of practice is, perhaps, not without its hazards. It is similar to what, in the common law courts, is called a demurrer to the evidence; which admits all that is stated to be true, and makes the issue, whether the plaintiff's case is made out, or not. If we should hold the counsel strictly to the consequences of this kind of practice, the interests of his client would not, perhaps, be much advanced by the motion, as in the present position of the case, he stands before us as a naked possessor. It is true, that, in his answer, he says, he has a title translative of property; but he does not state its character, how, or from what source derived, nor any thing about it. An allegation on paper, so general, and unsupported, does not strengthen the plea of possession materially, and will not take the defendant out of the position of a trespasser, and the decision of this court made in the case of *Baillio* v. *Burney, &c.* 3 Rob. 317.

We think that justice to both parties requires us to remand this case for a new trial.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and the cause remanded for a new trial, with directions to the judge not to reject the

evidence mentioned in the plaintiff's bill of exceptions, and in other respects to proceed according to law; the defendant paying the costs of this appeal.