E. E. KITTRIDGE AND E. P. WHITE *v.* E. HEBERT et al.

A confirmation by an Act of Congress amounts only to a relinquishment of all claim on the part of the United States, leaving the title as it would have been under the former government.

Until a patent issues, the title of the United States is not divested, but is still under the control of the land department, which may cancel a sale or set aside an illegal entry, and its action cannot be revised by a State court.

Defendants objected to the introduction of copies of certain notarial acts of sale, on the ground of the inadmissibility of the recitals therein contained, and for want of registry of said acts in the proper recording office, accompanied with the signature of the recording officer. *Held:* The objection only went to the effect, and not to the admissibility of the evidence.

Defendant objected to the validity of the plaintiffs' derivative titles, on the ground that the transfers *sous seing privé* had not been duly acknowledged, by either parties or subscribing witnesses, previous to their registry, and could not therefore affect the rights of third persons. *Held:* The provisions of Articles 2250 and 2417 are parcels of our system of registry law, and are not applicable to this contest upon independent adverse titles. In such contests, the question is whether the act offered in evidence, is binding between the parties to it. Those articles are for the protection of creditors of the vendor, *bona fide* purchasers from him, and other persons claiming under or through him; they constitute no objection to such acts availing as links in the chain of conveyance in a contest between claimants of public land—one under a confirmed grant, the other under an entry.

In order to acquire prescription by the possession of ten years, founded on a just title, it is necessary, among other requisites, that the natural possession, which must be acquired by the actual and corporeal detention of the property, should have preceded that of the civil possession. Where a person has once acquired the natural possession, the mere intention of possessing, suffices to preserve the civil possession in him, and this intention is always presumed.

APPEAL from the District Court of the Parish of Assumption, *Randall, J. J. H. Ilsley,* for plaintiffs and appellants. *Jean Jacques Roman,* for defendant.

VOORHIES, J. This is a petitory action, in which the plaintiffs claim the joint ownership of several tracts of land, by virtue of sundry mesne conveyances from the original grantee, *Bernado de Deva.* They allege that the defendants have disturbed their possession and committed acts of waste upon said land, by cutting down and destroying timber, for which they claim $1500 as damages.

The defendants, in their answer, aver, that they hold the land in dispute under *Gregorie Landry,* who purchased the same from the United States, under an Act of Congress, approved the 21st of May, 1820, granting to owners of lands fronting on water courses, the right of preemption to the double concession. They also plead the prescription of ten, twenty, and thirty years, as a bar to plaintiffs' right of action.

The record shows, that on the 14th of March, 1793, the *Baron de Carondelet,* then Governor of the Province of Louisiana, granted to *Bernado de Deva,* a certain tract of land, described to be situated behind a depth of forty arpents of the lands granted by the King of Spain to *Carlos Gautreau, Lucie Breaux,* and others, fronting on the lands of *Hyacinto Bernado,* and lying on a bayou distant about six leagues from the Mississippi, on the right side thereof, being in the whole a league square. It appears that the tracts thus designated as calls of the *De Deva* grant, were surveyed and located under the Spanish Government, and for aught that appears to the contrary, their location has never been disturbed or questioned.

The *Bernado de Deva* claim was embraced in the report of *Samuel H. Harper,* Register of the Land Office for the Eastern District of Louisiana, and de-

signated as No. 24, and was duly confirmed by an Act of Congress, approved the 28th of February, 1823. Under instructions from the Commissioner of the General Land Office, dated 18th of March, 1829, in relation to some of the claims reported by *Harper*, as having been founded on fraudulent papers, the Surveyor General of Louisiana was authorized to reserve the same as public lands, representing them on his plats by dotted lines. The *De Deva* claim, thus represented, was surveyed and located according to its calls, as appears from a diogram taken from the map of township 14 S., ranges 14 and 15 E., South Eastern District of Louisiana, approved 9th of April, 1830. This township was resurveyed under the instructions of the Commissioner, and the location of the *De Deva* claim was fully recognized and confirmed. Previous to this, on the 4th of December, 1845, the Commissioner addressed a letter to the Surveyor General, in which he says : "Application has been made to this office for a patent for the back concession of *N. & F. Girod*, being section 24, township 14, range 14 E., South Eastern District of Louisiana. On examining the plat of this township, it appears that the back concession interferes with a private claim, which your predecessor, on a diagram of part of this township, dated 28th May, 1844, states to be that of *Bernado de Deva*, No. 24 of Harper's Reports. If the location of the *De Deva* claim is true, and in accordance with the original filing of that claim, the back concession cannot interfere with it, and in that event, you will please forward a diagram, showing the area of that back concession, exclusive of that claim."

In a subsequent letter, dated 20th of July, 1846, he adds : " As it is necessary or final action on the *Girod* case, that the extent of its interference with the *De Deva* claim should be known, you will please take the necessary measures to ascertain the precise location of this last mentioned claim, if possible, and report your action and the result to this office." It appears this was done.

On the 18th of June, 1850, the Commissioner then addressed a letter to the Register and Receiver of the Land Office at New Orleans, in which he says : " A plat has been received at this office, dated 19th of December, 1848, representing the land embraced by the claim of *Bernado de Deva*, (Harper's Reports, No. 24,) and other private claims situated in township 14 South, of range 14 East, South Eastern District of Louisiana. As several entries have been made of lands situate in said township, which are found to interfere with the *De Deva* claim, it is deemed proper to call your attention to them, in order that you may notify the parties interested of the facts, and enable them, should they desire it, to have the purchase money refunded." After enumerating those claims, he thus adverts to that of *Gregorie Landry* : " No. 325 in favor of *Gregorie Landry*, for the lot or section 23, township 14, range 14 East, entered under Act of 4th May, 1820, the greater part of which is embraced by this claim. This entry remains suspended in consequence of the interference."

The confirmation of the *De Deva* claim by an Act of Congress, may be considered, in our opinion, as equivalent to a patent. Under our jurisprudence, it is well settled, that such a confirmation amounts only to a relinquishmont of all claim on the part of the United States, leaving the title as it would have been under the former government. 12 R. 1. 5 R. 467. 4 L. 445. 11 L. 582.

As to the survey and location of the claim, made by competent authority, and approved by the Surveyer General and Commissioner of the General Land Office, we think it must be considered as conclusive. 1 R. 546.

And here it may not be improper to add, that it does not appear that township 14 South, range 14 East, had been surveyed, and the survey approved by the surveying department, previous to the confirmation of the *De Deva* claim; indeed, the first survey is shown to have been made as late as the year 1830. As to the entry of *Gregorie Landry*, so far as it interferes with the *De Deva* claim, we think it is clear it must be considered as vacated. It is well settled, that until a patent issue, the title of the United States is not divested, and the whole matter is under the control of the land department; it may cancel a sale, or set aside an illegal entry, and its action cannot be revised by a State court. 4 A. 364. 9 R. 283. 2 A. 302.

On the trial of the cause below, the defendants objected to the introduction of copies of notarial acts of sale from *Nicholas Ballot* to *Aimé Guillet*, and from the latter to *A. M. Foley*, on the ground of the inadmissibility of the recitals therein contained, and for want of registry of said acts in the proper recording office, accompanied with the signature of the recording officer. We think the district judge did not err in ruling that the objection only went to the effects, and not to the admissibility of the evidence.

But it is urged by the defendants, that the plaintiffs' derivative titles are defective. The chief objection to their validity seems to rest on the ground, that the transfers *sous seing privé* had not been duly acknowledged, either by the parties or subscribing witness, previous to their registry, and could not consequently affect the rights of third persons. The same objection is made to the effect of the transfers, by authentic acts not recorded. The provisions of Articles 2250 and 2417, are parcels of our registry law, and are not applicable to this contest upon independent adverse titles. In such contests, the question is, whether the act offered in evidence is binding between the parties to it. Those articles are for the protection of creditors of the vendor, *bona fide* purchasers from him, and other persons claiming under or through him; they constitute no objection to such acts availing as links in the chain of conveyance in a contest like the present.

The defendants also rely on the plea of prescription. We are of opinion that this plea cannot avail them. It does not appear from the evidence that either they or their vendor, *Gregorie Landry* ever had the corporeal and actual detention of the property in dispute; in other words, the natural possession; the only possession shown, is that of the front tract, held under a different title, which surely cannot be considered as extending to a tract purchased from the United States, and held subject to the reservation in favor of the *De Deva* claim. It has been held, that digging a canal and felling trees, or the occasional cutting of wood on uncultivated land, does not constitute such a possession as can be the basis of the prescription of ten and twenty, or even thirty years. 12 M. 17. .5 An. 594. In order to acquire prescription by the possession of ten years, founded on a just title, it is necessary, among other requisites, that the natural possession, which must be acquired by the actual and corporeal detention of the property, should have preceded that of the civil possession. When a person has once acquired the natural possession, the mere intention of possessing, suffices to preserve the civil possession in him; and this intention is always presumed. C. C. 3453, 3405, 3406, 3407. 19 L. 251.

We are therefore of opinion, that the plaintiffs are entitled to recover the whole quantity of land claimed by them as constituting part of the *De Deva* claim, according to the bounds and metes of their respective tracts, and the location of said *De Deva* claim.

KITTRIDGE
v.
HEBERT.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed; that the plaintiffs do recover, as absolute owners, the land described in their petition, and represented by the plat of survey made by *Nathan Webster, Esq.*, surveyor, under the order of the court, showing the confliction of the adverse claims; that the injunction be reinstated and made perpetual against the defendant, and that the plaintiffs be forever quieted in their possession to the land in dispute; and that the defendants pay the costs of both courts.

CAMPBELL, J. I concur in the conclusion to which the court has arrived, but desire to place my concurrence on the following reasons, in addition to those given in the opinion just pronounced.

The claim of plaintiff, though filed December 19, 1820, and favorably reported on January 6, 1821, was not confirmed by Congress until 28th February, 1823, after the purchase of defendant, under the 7th section of the Act of 11th May, 1820, which purchase was made May 7, 1822. The date of this entry being anterior to the Act of February 28, 1823, confirming plaintiffs' claim, defendants claim to have the oldest and therefore the best title act of government. If, at the time of the entry, the officers of the government were authorized to sell the land in question, such probably would be the result.

I am, however, of opinion that the confirmation of plaintiffs' claim, with its descriptive calls, was equivalent to a location, and that it took effect, not from the date of the act of confirmation, but had relation back to the time of filing the claim with the Commissioners, to wit, December 19, 1820.

By the 2d section of that Act, the right was given to claimants to sell their claims at any time before December 31, 1820. Before the expiration of this time, plaintiff made his application, and thereby acquired the right to a confirmation, which could not, I think, be defeated by a subsequent sale of the government.

The description of the land granted, by reference to contiguous grants, which had been previously made and confirmed, and the surveys of which were on file, was sufficiently explicit to indicate its proper location and enable the proper officers to represent it on the maps of their office, in order that it might be reserved from sale, as they were required by law to do. Their not having done so, cannot prejudice the claim of plaintiff, who, by giving timely notice of his claim, did all that the law required of him.

The location of the *De Deva* claim as made, seems correct, and in accordance with the claim as originally filed, and must therefore prevail over the back concession entry of defendant, in so far as there is a confliction.