## C. H. MORRISON *v.* C. KELLER.

An administrator cannot in a new answer, set up other matters of defence, some of which are inconsistent with the allegations of the first answer.

Where it is in proof that defendant had acknowledged he held the land sued for under the plaintiff, he is precluded from disputing plaintiff's title, or availing himself of any formal defects in it. C. C., 3409, 3480.

APPEAL from the District Court of Ouachita, *Richardson*, J.

*C. H. Morrison, in pro. per. Garrett & Ludeling*, for defendant and appellant.

SPOFFORD, J. This is an action brought by the plaintiff to recover of the defendant a tract of land upon the Bayou de Siard, containing 400 arpents, and known as the Dawson tract.

The defendant, after a general denial, pleaded that she had been in possession, as owner, for more than a year, of the tract of land, which the plaintiff sued for, and that the same was situated in the Bastrop grant.

Pending the suit the defendant died, and her administrator filed a new answer setting up other matters, some of them inconsistent with the allegations of the first answer. The administrator could not withdraw the judicial admissions made by the deceased, and, under that view of the case, it becomes immaterial to notice the second answer further.

The *locus* is thus ascertained beyond dispute by the pleadings. Has the plaintiff made out a sufficient title as against the defendant?

Upon the merits our opinion coincides with that of the District Judge. The defendant, by her written and oral acknowledgements, which were adduced in evidence by the plaintiff upon the trial, that she held under the plaintiff, has precluded herself from disputing his title or availing herself of any formal defects therein. C. C., 3409, 3480; *Wells* v. *Hickman*, 3 Rob., 3; *Broughton* v. *King*, 9 Rob., 217.

The sheriff's deed is apparently a just title translative of property.

It is unnecessary to discuss the bills of exceptions presented by the defendant's counsel, as we are satisfied that the deceased defendant possessed as the tenant of the plaintiff.

The plaintiff acquiesces in the adjustment of the question of rents and improvements made by the District Judge.

The judgment is, therefore, affirmed, with costs.