### L. & R. COUCY *v.* PATRICK CUMMINGS—J. M. BACH, Warrantor.

The mere trespasser who is defendant in a petitory action, cannot defeat a *prima facie* title made out by the plaintiff on the ground of the non-rigistry of such title.

The registry may be made at any time and it does not concern a trespasser that it should be made at all.

As against a naked trespasser, the plaintiff in the petitory action is not bound to show a title perfect against the whole world.

In forced sales for taxes the forms of law must be rigidly pursued and a title thus derived cannot be aided by intendment.

When the proceedings are against one described as an absentee, the purchaser at the tax sale would acquire only the interest of such absentee.

APPEAL from the District Court of Jefferson, *Burthé,* J. *Michel & Gilmore,* for plaintiffs. *T. McCay,* for defendant. *Hiestand & Levy,* for warrantor and appellant.

SPOFFORD, J. The plaintiffs having succeeded in a petitory action for certain lots of ground in Jefferson, the defendant's warrantor has appealed.

The plaintiffs claim the lots as instituted heirs of *Victoire Marcos Tio,* deceased, who acquired title from *Nelson Fouché* and *Jean Jacques Montfort* on the 17th May, 1836, by notarial act.

The warrantor, *Bach,* claims to have acquired a valid title to the same lots on the 10th May, 1852, by the Sheriff's adjudication at a tax sale in the suit of " the Mayor and Aldermen of the City of Jefferson for use of *T. May* v. *Judith Proux,* absentee or unknown owner of lots 17 to 20 in square 34."

The appellant contends that the plaintiff's title is absolutely null and void because the act of sale from *Fouché* and *Montford* to *Tio* was not proved to have been recorded, and that he, though he were a mere trespasser, as the defendant in a petitory action, could defeat the plaintiffs by pleading this lack of registry. (Rev. Stat. p. 453).

This position is indefeasible. An unrecorded sale is valid between the parties and their privies. The act is receivable in evidence though not registered. The registry may be made at any time. It does, not concern a trespasser that the registry should be made at all. The law was intended only to protect those who claim to have acquired the thing by valid title themselves through or under a vendor of the person who holds an unrecorded deed and thereby causes innocent parties to be deceived. The policy of the law is that such parties shall not be affected by latent conveyances. See *Buel* v. *N. Y. Steamer,* 17 L. 541.

The plaintiffs made out a *prima facie* title in themselves. It was then for the defendant to show a better one. For as against a naked trespasser the plaintiff in a petitory action is not bound to show a title perfect against the world. *Patin* v. *Blaise,* 19 L. 396 ; *Bedford* v. *Urquhart,* 8 L. 239; *Baillie* v. *Burney,* 3 Rob. 319; *Broughton* v. *King,* 9 R. 218.

The title set up by the warrantor only dates back to the year 1852. It is a title purporting to be derived from one *Judith Proux,* by forced sale for the cost of building a banquette assessed against her alone, as appears by the surveyor's certificate, which forms the only evidence in the record of the imposition of a tax upon this property.

It is contended that because the proceedings were conducted against *Judith*

*Proux* as an "absentee or unknown owner" of the lots, it matters not who was the owner, but that the rights of every other claimant were transferred to *Bach* at the Sheriff's sale by virtue of the 21st secton of the Act of 9th March, 1850, p. 60. In these forced alienations of property, the forms of law must be rigidly pursued and a title thus derived cannot be aided by intendment. Upon their face the proceedings were only directed against *Judith Proux*, described as an "absentee or unknown owner," and they could therefore only convey to the purchaser such interest as she had. It does not appear that she had any.

The judgment appealed from is, therefore, affirmed with costs.