### No. 7746.

### REUBEN WHITE VS. THE SHERIFF AND OTHERS.

The seizure and advertising of property for sale, by the sheriff, is such a disturbance as authorizes the possessory action by a third person holding personally or by his tenants, although the sheriff did not actually dispossess them.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman, J..*

*Wise & Herndon* for plaintiff and appellee.

*Hicks & Hicks* for defendant and appellant.

---

Wise & Herndon, for plaintiff and appellee, contended :

First—We say that Josephine Nicholson, having executed her judgment

on this land, and having opposed the monition, and the sale being declared a good one, cannot again sell the identical property, the sale of which was homologated in a suit contradictorily with herself. *It is res adjudicata.* 21 A. 589 ; 24 A. 545.

Second—Owners in possession are entitled to bring the possessory action when disturbed in their possession. C. P. 47.

Third—All judgments must be revived by suit. C. C. 3547 ; 24 A. 211.

Hicks & Hicks, contra, contended :

First—The sheriff's title is not full proof of what it recites until recorded in the clerk's office. Its record in the recorder's office without proof gives it no effect as against the creditors of the vendor, who may seize and sell it. C. P. 697, 698 ; Rev. S. 3409 ; 10 L. 522 ; 14 A. 797, 599 ; 28 A. 726 ; 6 N. S. 141 ; 7 R. 53.

Second—A sale absolutely null may be disregarded, and the property nominally sold may be seized under a *fi. fa.* by any creditor of the vendor. 1 A. 302–6 ; 13 L. 551 ; 6 N. S. 139 ; 1 A. 299 ; 23 A. 773.

Third—A sheriff's deed is void for uncertainty if its description will apply as well to other property as that claimed. Rorer on Judicial Sales, sections 713, 716 ; 10 A. 329 ; C. P. 702 ; 9 L. 544 ; 19 L. 400 ; 10 A. 194 ; 7 A. 305, 579 ; 5 A. 257 ; 6 Peters, 345.

Fourth—A sheriff has no power to sell under a *fi. fa.* (and third persons must take notice of his incapacity) when restrained by an injunction, or when his power has been revoked by the plaintiff. C. P. 308 ; Rorer on Judicial Sales, section 710 ; Story Eq., section 405 ; 1 R. 94 ; 7. R. 77 ; 5 Tex. 306, 315 ; 13 Tex. 307 ; 13 L. 421 ; 11 O. S. 610 ; C. C. 2505 ; 16 A. 89 ; 2 N. S. 621 ; 30 A. 576 ; 4 A. 252 ; 10 L. 284 ; 10 R. 88 ; 11 R. 441.

Fifth—One having no right to possess, or who fails to show the value of his possession, cannot maintain the possessory action. 22 A. 272 ; 30 A. 251.

Sixth—A seizure by a sheriff is only nominal when he does not collect rents nor interfere with the business of the possessor. 28 A. 61.

The opinion of the court was delivered by

MARR, J. In November, 1865, Mrs. Nicholson received judgment against Mrs. Willis, on which execution issued under which the sheriff seized and advertised for sale three quarter sections, 480 acres of land. Mrs. Willis enjoined, claiming the exemption of the dwellings, and 160 acres of land adjacent, as her homestead. The sale proceeded, except as to the homestead; and the sheriff adjudicated and conveyed to Gilmer, in February, 1865, two of the three quarter sections, that is, all the land seized except the 160 acres claimed by Mrs. Willis as her home-

stead: and in January, 1867, Gilmer sold one of these quarters to Reuben White.

Gilmer applied for a monition; and Mrs. Nicholson filed an opposition on several grounds, which it is not necessary to state now; and Gilmer appealed from the judgment maintaining her opposition. This judgment was reversed; the opposition of Mrs Nicholson was dismissed; and the sheriff's sale was confirmed. 21 An. 589.

Mrs. Willis then brought suit against Mrs. Nicholson, Gilmer, and White, to have the sheriff's sale annulled on the grounds:

First. That the sheriff had no authority to make the sale, 1st: Because it was enjoined; 2d: Because he was instructed by the plaintiff in execution, Mrs. Nicholson, not to sell; 3d: Because he had no authority to sell less than he had seized.

Second. That there was not sufficient description of the land adjudicated.

Mrs. Nicholson admitted the allegations of the petition, and joined in the prayer to annul the sale; and Gilmer and White plead the decision of this court on the monition as res judicata. The case came before this court on the appeal of Gilmer and White, and the judgment appealed from was reversed. The plea of res judicata was maintained, and the suit was dismissed. 24 A. 545.

In July, 1878, Mrs. Nicholson obtained a writ of fieri facias on the judgment in her favor against Mrs. Willis, rendered in 1865, under which the sheriff seized and advertised for sale the quarter section sold by Gilmer to White in January, 1867; and White enjoined.

The petition charges that plaintiff has been in quiet, undisturbed possession, as owner, by title translative of property, since 1867, of the land in question; and he obtained an injunction restraining Mrs. Nicholson and the sheriff from further acts of trespass and disturbance of his possession. He also prayed for damages for malicious trespass, and special damages for attorney's fees.

Mrs. Nicholson and her husband answered, alleging the nullity of the sheriff's sale, on the grounds set up in the two suits already mentioned; and plaintiff pleads these judgments as res judicata. He also excepted that the judgment in favor of Mrs. Nicholson against Mrs. Willis was prescribed by the lapse of ten years, at the time the execution was issued, in July, 1878.

The judgment of the district court perpetuated the injunction, decreed that White be maintained in his possession; and condemned defendants, Mrs. Nicholson and her husband, in solido, to pay to him one hundred dollars damages, for attorney's fees. This is the judgment now before us for review, on the appeal of defendants.

The proof shows that White, by his tenants, has had actual posses-

sion of a part of the land in question, for several years past. When the deputy sheriff went on the place to make the seizure, he told one of the tenants that he should collect the rent. The tenants were not dispossessed, nor does it appear that they were interfered with; but the seizure and advertising of the property for sale is such a disturbance of the possession as authorizes the possessory action. It seems that the conveyance by Gilmer to White had not been recorded; but the sheriff's deed to Gilmer was recorded. The date of the recording is not shown; but the copy offered in evidence purports to be a true copy from the original on file and of record, as shown by the recorder's certificate, dated 19th October, 1866. This recorded deed divested Mrs. Willis of her title; and placed the property beyond the reach of her creditors. The only consequence of the failure of White to have his title recorded is that the land might be subject to the pursuit of the creditors of Gilmer. But this in no manner benefits or concerns either Mrs. Nicholson or Mrs. Willis.

We think that White, when his property was seized under execution had a right to protect himself by the plea that the judgment, on which the execution issued, was prescribed; but there can be no doubt of the effect of the two solemn decrees of this court, the one in 21 An.. 589, dismissing the opposition of Mrs. Nicholson to the monition, the other in 24 An. 545, maintaining the plea of *res judicata*, interposed by Gilmer and his vendee White, in the suit brought by Mrs. Willis to have the sheriff's sale annulled. These two decisions place that sale beyond question or attack by Mrs. Nicholson or by Mrs. Willis, for any of the causes set up and passed upon in the last resort; and the district court properly granted and perpetuated the injunction.

The proof fully justifies the allowance of one hundred dollars, special damages for attorney's fees; and we see no cause to disturb the judgment in any respect.

The judgment appealed from is therefore affirmed with costs.