(78 South. 735)

No. 21214.

MORGAN'S LOUISIANA & T. R. & S. S. CO. v. HIMALAYA PLANTING & MFG. CO. et al.

(April 1, 1918. Rehearing Denied May 27, 1918.)

*(Syllabus by the Court.)*

SALES ☞307—LIEN—RAILROAD IRON—"IMMOVABLE."

Railroad iron, such as rails and angle irons, furnished and used for the construction of a railroad upon a plantation, under a contract with the owner, loses its character as a movable, together with its identity for the purposes of the vendor's privilege, since it enters into and becomes part of a new and distinct thing, which is immovable by nature, and which its withdrawal would destroy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immovable.]

O'Niell, J., dissenting; Leche, J., dissenting in part.

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Charles T. Wortham, Judge.

Suit by the Morgan's Louisiana & Texas Railroad & Steamship Company against the Himalaya Planting & Manufacturing Company, and August Thibeaut, receiver. From judgment for plaintiff for admitted indebtedness, but rejecting claim of a vendor's privilege, plaintiff appeals. Affirmed.

Beattie & Beattie, of Thibodaux, for appellant. Pugh & Lemann, of Donaldsonville, for appellee.

## Statement of the Case.

MONROE, C. J. Plaintiff brought this suit in October, 1914, alleging an indebtedness by defendant of $5,030.41, for this, to wit, that, by a contract entered into in the fall of 1911, it agreed to furnish defendant "with railroad iron to build certain railroad tracks on its plantation," the payment for which was to have been made in the spring of 1912; that, pursuant to that agreement, it delivered to defendant material consisting of 112.209 tons of railroad iron, valued at $2,468, 962 angle bars, worth $108.02, 16 angle bars, worth $3.52, which were used by defendant, and are now on its railroad on said plantation; that it furnished defendant one brass "air triple piston, valued at $1.73"; and, then follow allegations to the effect it furnished labor and material which is not otherwise itemized or described than "as set out" in various statements, "A," "B," etc., said to be annexed to the petition, but which do not appear to have been copied in the transcript for the reason, no doubt, that defendant admitted an indebtedness of $4,020.56, and plaintiff took judgment for that amount; but, as the judgment rejected its demand for recognition of a vendor's privilege on the railroad iron and material, it has appealed to this court upon that issue.

According to the statement of account, filed by defendant, with its answer, upon which the judgment appears to have been based, plaintiff charged defendant with rails, angle bars, grate bars, labor and material for station and for bridge, loading, trackage, demurrage, coal and other things, and allowed credits for invoice for crating season 1912, 130 cane cars at $6 per car, $780, and cash, $591.18, from which it may reasonably be inferred that the building of the road was a matter in which both parties were interested; plaintiff to get the trackage, and defendant to facilitate the hauling of its cane to the mill. However that may be, the contract sued on had for its purpose the construction of a railroad on a plantation for the use and improvement of the plantation, and the road, when constructed, became part and parcel of the plantation, not as an immovable by destination, but as an immovable by nature. The Civil Code declares that:

"Art. 462. * * * Immovable things are, in general, such as cannot either move themselves or be removed from one place to another. But this definition, strictly speaking, is applicable only to such things as are immovable by their own nature, and not to such as are so only by the disposition of the law.

"Art. 463. * * * There are things immovable by their nature, others by their destination, and others by the object to which they are applied.

"Art. 464. * * * Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature."

It will hardly be denied that a railroad is a "construction," or that, when constructed, it has its foundations in the soil, as much as, or more than, many plantation buildings, bridges, and fences; nor as we think, can it be successfully denied that, when the bed of such a road has been graded and surfaced, the cross-ties placed in position, the rails laid upon and spiked to the ties, secured or connected, with angle irons and fish plates, and the spaces between the ties filled with ballast, a new and distinct thing is created in which ties, rails, spikes, irons, plates, and ballast lose their character as movables, and their identities, for all the purposes of the vendor's privileges, since such privileges can no more be enforced with respect to its several constituents without destroying the thing into which they have thus been merged than it can be enforced with respect to the canvas upon which a picture has been painted without destroying the picture. The case is, moreover, within the doctrine (as stated in the Matter of Receivership of Augusta Sugar Co., 134 La. 974, 64 South. 870) that, where the things sold are mere materials for the construction or repair of a build-

ing, or of machinery, and are so used, they lose their identity, and become merely a part of such building or machinery, and that, in such case, the vendor's privilege 'is lost, though there arises a privilege, as of a furnisher of material, upon the structure, as a whole, and upon one acre of ground upon which it stands. Whether the plaintiff now before the court could, at this time, successfully assert a privilege as furnisher of material, we are not called on to inquire.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being of the opinion that the railroad iron could be removed without destroying or injuring the remaining property, dissents from the refusal to recognize the vendor's lien.

LECHE, J. (dissenting in part). I concur in the decree for the reason that the balance of account sued for is as much for labor and other items as for rails, and therefore is not secured by vendor's privilege on the rails, as it does not represent exclusively the price of rails; but I dissent from the proposition that a plantation owner may defeat a vendor's privilege on rails by incorporating the rails into a railroad which he builds on his plantation, as that is in conflict with what I believe to be settled jurisprudence.