BARNETTE, Judge
(dissenting).
I find it extremely difficult to disagree with the conclusion that a railroad is a construction of which the rails, bars and plates are a part and hence immovable by nature under LSA-C.C. art. 464. I think, however, that the Supreme Court did abandon this conclusion which it expressly found in Morgan’s Louisiana & T. R. & S. S. Co. v. Himalaya P. & Mfg. Co., 143 La. 460, 78 So. 735 (1918), by its opinion in Caldwell v. Laurel Grove Co., 175 La. 928, 144 So. 718 (1932). No other interpretation of the latter opinion will support the conclusion reached in Caldwell.
The majority has interpreted Caldwell as being a limited or qualified overruling of the Morgan case and that it did not go so far as to overrule the former opinion that a railroad is a “construction” and immovable by nature. I am much inclined to agree that a railroad is an immovable by nature, as held in the Morgan case; but it is inconceivable to me that the Court could have reached its conclusion in Caldwell without holding the rails and railroad irons, which are a part of the construction, were not themselves immovable by nature, that they had not lost their identity as rails, etc., and hence were subject to the vendor’s lien which attached to them as movables. The decision of the First Circuit Court of Appeal in Louisiana Ry. & Nav. Co. v. Cash Grocery & Sales Co., 150 So. 57 (1933), could not otherwise be valid.
If Caldwell does not entirely overrule the Morgan case, it as least stands for the principle that an adverse claim may be asserted if the rails can be identified and separated from the “construction” without material damage to the property or affecting the independent rights of ownership in the soil or structure. The burden of proof of the separate ownership or the encumbrance by vendor’s lien, chattel mortgage or other prior right or claim is upon the adverse claimant. This would require the hearing of evidence and the adverse claimant, would be entitled to his day in court. The exception of no cause of action could not then be maintained.
For these reasons, I must respectfully dissent.