ELLIS, Judge:
These consolidated cases are all executory proceedings against various properties on which homes were being constructed by F and B Builders, Inc., which defaulted in its payments. The houses being constructed thereon were in various stages of completion at the time of default.
Baton Rouge Supply Co., Inc. and Baton Rouge Plumbing Supply, Inc. intervened in all cases claiming a vendor’s lien and privilege on various items sold by them to defendant, and installed in the said houses. These items include door and door frame units, commodes, wash basins, and central air conditioning and heating units, all of which are alleged to be easily removable. Intervenors originally prayed that the said items be sold separately from the immovable properties seized;, that the proceeds of the sale be held by the sheriff; that their vendor’s lien and privilege on the said properties be recognized; and that intervenors be paid the amounts of their claims by preference and priority over the plaintiffs. Subsequently, the plaintiffs and intervenors *1160 stipulated to the values of the various items on which the vendor’s liens are claimed, and further stipulated as follows:
“3. Following the hearing on the merits of intervenor’s petition, should intervenor be found not to possess any vendor’s lien or privileges, then and in such event in-tervenor shall abandon any claims which it may have either to these items or to the proceeds realized from any judicial sale thereof.
“4. Following the hearing on the merits of intervenor’s petition, should intervenor be found to possess any vendor’s lien or privileges, then and in such event, plaintiff shall be required either to pay the amount equal to the value of the items subject to the vendor’s lien or to allow intervenors to remove the items in question.”
It is intervenors’ contention that although the items sold and installed in the houses may have become immovables by nature or destination under Civil Code Articles 467 and 468, they remain subject to the vendor’s lien unless they cannot be removed without substantial damage to the property.
Plaintiff contends that the items had become immovable by nature, and as a result, intervenors no longer have a vendor’s lien thereon.
Trial was had on the merits of the intervention, with most of the testimony bearing on the ease with which the items could be removed from the buildings, and the damage to the structure which might result therefrom. The trial judge found the items to be immovable by nature and not subject to the vendor’s lien, and dismissed the intervention. Intervenors have appealed.
Articles 467 and 468 of the Civil Code provide:
“Art. 467. Wire screens, water pipes, gas pipes, sewerage pipes, heating pipes, radiators, electric wires, electric and gas lighting fixtures,' bathtubs, lavatories, closets, sinks, gasplants, meters and electric light plants, heating plants and furnaces, when actually connected with or attached to the building by the owner for the use or convenience of the building are immovable by their nature.”
“Art. 468. Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination.
“Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to wit:
“Cattle intended for cultivation.
“Implements of husbandry.
“Seeds, plants, fodder, and manure.
“Pigeons in a pigeon house.
“Beehives.
“Mills, kettles, alembics, vats, and other machinery made use of in carrying on the plantation works.
“The utensils necessary for working cotton, and sawmills, taffia distilleries, sugar refineries and other manufactures.
“All such movables as the owner has attached permanently to the tenement or to the building, are likewise immovable by destination.”
Until recently, intervenor’s position was sound, and supported by the jurisprudence. However, in American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970), the Court held that if “a thing is immovable by nature, it is immovable as to everyone.” Specifically included were vendors of an item which has become immovable by nature, who were held to have lost their vendor’s lien and privilege for that reason.
Although the Springer case, supra, deals with Article 464 of the Civil Code, we conclude that the interpretation of that article is equally applicable to those items which are included under Article 467. We are further of the opinion that the items which are the subject of this suit are within the scope of Article 467, including the central heating and air conditioning systems. All of these items are now ordinarily included in new construction, and should be considered as having been installed for the use and convenience of the building. See Yiannopoulos, Louisiana Civil Law Treatise, Vol. 2, Property, §§ 47 and 108 (1975 pocket part).
*1161 We are of the opinion that the items in question in this case became immovable by nature when installed in the houses being built, and that the intervenors thereupon lost their vendor’s lien and privilege. We do not deem it material that the construction of the various houses was not complete. The identity of the items was lost upon installation.
The judgment appealed from is therefore affirmed, at intervenors’ cost.
AFFIRMED.