WATKINS, Judge.
This is an action brought by Dalton L. LaBorde in proper person against Charles H. Haynes, Jr., vendor of a tract of land to plaintiff, and Brian Williams and Todd Gremillion, attorneys at law. LaBorde later obtained as part of an apparent settlement a voluntary dismissal with prejudice *6 of Haynes as a party defendant. Williams and Gremillion then filed a peremptory exception of res judicata and/or no cause of action, which was sustained. LaBorde appeals. We reverse and remand for further proceedings.
LaBorde is not a lawyer, and his pleadings are not stated clearly or, in some places, in legal terms. However, the basis of his contplaint is quite apparent from his original and supplemental petitions. We will assume the allegations of plaintiff’s petitions are true in relating the facts and rendering our decision.
LaBorde and Oran Smith bought a tract of land purportedly located in East Baton Rouge Parish from Haynes, the act of sale being dated February 8, 1978. The purchase price was $2,000.00. Williams and Gremillion were practicing attorneys at 842 Main Street, Baton Rouge. They prepared a title opinion before the act of sale was passed which stated that Haynes had valid title. The title opinion was later found to be mistaken, and the title to be non-existent. LaBorde in his amended petition states that Haynes “possibly may have committed fraud” after stating in his original petition that Haynes had committed fraud. He sues for return of the purchase price, and damages for loss of a resale for $20,-000.00 for the land purportedly conveyed to him by Haynes.
Haynes reconvened seeking damages of $150,000.00 for libel. The record reveals that on June 8, 1979, Haynes on motion of his attorney voluntarily dismissed his recon-ventional demand and LaBorde dismissed his suit against Haynes with prejudice, the motion to dismiss stating “all rights (are) reserved against other defendants” and the judgment stating that suit “be dismissed as against Charles H. Haynes, Jr., only. . . ” There was also apparently an act of compromise and settlement but the act of compromise and settlement is not in the record.
Williams and Gremillion then filed a peremptory exception of res judicata and/or no cause of action, which was sustained without reasons being assigned.
The appellees contend that the sustaining of the peremptory exception was proper because (1)_ Haynes, Williams, and Gremil-lion were debtors in solido, and the release of one effected a release of all, even though the judgment on the motion to dismiss Haynes reserved LaBorde’s rights against the other defendants, and (2) LaBorde obtained a sum greater than his loss in his settlement with Haynes, and, thus, has suffered no damages.
With regard to the first contention, a vendor who failed to convey unburdened title under a warranty deed and a lawyer who rendered an incorrect title opinion that failed to reflect a pipeline servitude with regard to the same tract were held to be subject to distinct causes of action, the vendor for breach of warranty and the lawyer in tort. Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir. 1975). LaBorde seeks to recover on the ground of fraud.- However, an allegation that an act of sale was entered into through fraud apparently embodies a cause of action in contract. See LSA-C.C. arts. 1881,1882, 2438. Thus, LaBorde’s petitions asserted two distinct causes of action, against Haynes in contract, and against Williams and Gremillion in tort for malpractice. Haynes, Williams and Gremil-lion were not joint tort feasors and the liability is not solidary. As the causes of action were entirely distinct, and as the alleged liabilities were not solidary, the dismissal of Haynes as a defendant did not operate a release of Williams and Gremil-lion.
As we have so held, it is unnecessary for us to decide whether or not LaBorde made a valid reservation of rights against solidary obligors in his motion for voluntary dismissal with prejudice. The act of compromise and settlement, as we have said, is not in the record and cannot be considered.
With regard to appellee’s second contention, that LaBorde has obtained full restitution of his loss in his settlement with Haynes, we note that the act of compromise and settlement is not annexed to plaintiff’s petitions nor is it in the record. As the second contention clearly embodies an ex *7 ception of no cause of action, we must accept the allegations of plaintiff’s petitions as true, and not consider documentary evidence not made part of the petitions. American Cresote Co. v. Springer, 257 La. 116, 241 So.2d 510 (1970). As we do not know the extent of the damages sustained by LaBorde, and as we do not know judicially the settlement amount, the act of compromise and settlement not being made part of plaintiff’s petitions, or the settlement amount stated therein, we find defendants’ second contention with regard to the sustaining of the peremptory exception to be without merit.
Accordingly, the judgment of the trial court sustaining defendants’ peremptory exception is reversed and set aside, the objection is overruled and the matter remanded for further proceedings. All costs shall await final determination on the merits.
REVERSED AND REMANDED.