459 So.2d 701 (1984)
Samuel A. BAVIDO
v.
Carolyn WEIXEL.
No. CA-1965.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*702 Anthony J. Glorioso, New Orleans, for plaintiff-appellant Samuel A. Bavido.
E. Wayne Walker, Gretna, for defendant-appellee Carolyn Weixel.
Before REDMANN, C.J., and KLEES and GARRISON, JJ.
KLEES, Judge.
In this case, the plaintiff, Samuel Bavido, appeals from a judgment of the district court declaring a written agreement between him and the defendant, his ex-wife, to be null and void. The handwritten document, entitled "Property Agreement," purports to transfer the equity in what was once the Bavido family home from both parties as co-owners to Mr. Bavido as sole owner. Mr. Bavido brought a declaratory judgment action in the Orleans Parish Civil District Court seeking to have the agreement declared valid, and Ms. Weixel reconvened, demanding that the agreement be declared null and void. The trial court found the agreement to be without any effect, and we agree.
The parties to this action were divorced on December 4, 1978. The purported property agreement bears the signatures of both parties and is dated December 7, 1978, three days subsequent to the divorce. The document also bears the signatures of a notary public and two witnesses. Mr. Bavido claims that the agreement is an authentic act, the validity of which cannot be challenged by means of parol evidence. La.Civ.Code arts. 2234, 2236; American Creosote Co. v. Springer, 257 La. 116, 241 So.2d 510, 513 (1970).
At the trial, Mr. Bavido and Ms. Weixel were the only two witnesses to testify. Mr. Bavido stated that he himself wrote the agreement, and that he and the defendant both signed it after their divorce, as a part of the property settlement between them. In contrast, Ms. Weixel testified that the agreement was signed by them while they were still married, about one or two months prior to their divorce. She further testified that they did not sign in the presence of a notary or witnesses. Neither the Notary or the two witnesses were called to testify at trial. According to Ms. Weixel, her husband told her that she could not move into the new house they had built unless she signed the agreement, and she signed because she did not want to disappoint her children, who were living with her in an apartment at the time and were looking forward to moving into the house.
The trial court obviously believed Ms. Weixel's testimony to be more credible than that of her former husband, and found, in its Reasons for Judgment, that the agreement was executed while the parties were still married. We cannot disturb this factual finding in the absence of manifest error, which is not present here. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Under the law in effect at the time this agreement was signed, a husband and wife lacked the capacity to contract with each other. Louisiana Civil Code art. *703 1790 (1870). Act No. 627 of the 1978 legislative session, which deleted interspousal incapacity, did not become effective until September 7, 1979, almost a year after the parties entered into their so-called property agreement. Therefore, the agreement is null and void because at the time it was made, the parties were married and it was illegal for them to contract with each other. Under this analysis, whether or not the agreement is in authentic form is irrelevant. Nevertheless, we disagree with plaintiff's assertion that parol evidence is inadmissible to vary the terms of this agreement, as parol testimony is always admissible where fraud has been alleged, as here. American Cresote, supra, 241 So.2d at 513.
Therefore, for the reasons stated above, we affirm the judgment of the district court declaring this agreement null and void. All costs are to be borne by appellant.
AFFIRMED.