In re HAWLEY COAL MINING
CORPORATION, Debtor.

EUROPEAN–AMERICAN BANK &
TRUST COMPANY and French-American Banking Corporation, Appellants,

v.

GATX AIRCRAFT
CORPORATION, Appellee.

Civ. A. No. 84–1045.

United States District Court,
S.D. West Virginia.

Dec. 26, 1984.

---

Charles L. Woody, Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., for European-American Bank & Trust Co. and French-American Banking Corp.

John J. Nesius, South Charleston, W. Va., Gatx Aircraft Corp.

Stephen H. Gross, Charles E. Bachman, Henry B. Gutman, Isaac Nutovic, O'Sullivan, Graev, Karabell & Gross, New York City, Gatx Aircraft Corp., Gatx Third Aircraft Corp. & GLC Finance Corp.

Richard E. Rowe, Charleston, W. Va., for debtor.

## MEMORANDUM OPINION AND ORDER

HALLANAN, District Judge.

Now pending before the Court is an appeal brought on behalf of European-American Bank and Trust Company (EAB) and French-American Banking Corporation (FABC) (Appellants) from a final Order of the United States Bankruptcy Court for the Southern District of West Virginia. This appeal was duly perfected pursuant to Rules 8001 *et seq.* of the Bankruptcy Rules. Both sides have extensively briefed the issues on appeal before the Court.

The proceedings leading to this appeal began in Bankruptcy Court during the autumn of 1983. On September 23, 1983, GATX Aircraft Corporation, Appellee herein, filed two motions in Bankruptcy Court pursuant to Rule 2004 of the Bankruptcy Rules. Specifically, Appellee requested an order permitting it to examine FABC and EAB and directing the issuance of subpoenas compelling attendance and requiring the production of documents.

On the same date that the above motions were filed, the Honorable Edwin L. Flowers issued two *ex parte* orders granting said motions and ordering that FABC and EAB appear on October 6, 1983 at certain New York offices to be examined pursuant to Rule 2004. Subpoenas were duly issued commanding the appearance of FABC and EAB and directing them to bring "all documents, including but not limited to memoranda, correspondence, agreements, drafts, charts, or any handwritten, typed or printed materials pertaining to any and all transactions, relationships, dealings, or agreements between (i) Hawley Coal Mining Corporation and EAB & T; and (ii) Hawley Charbon France and EAB & T, and (iii) Hawley Coal Mining Corporation and Hawley Charbon France.

On December 5, 1983, FABC and EAB filed a motion to vacate the *ex parte* orders and to quash the subpoenas. After hearing oral argument on the motion, the Honorable Ronald G. Pearson, issued an Order denying said motion to vacate and directing GATX to set a new date and time for the Rule 2004 examination. The Order also limited to scope of the examination to only those transactions involving the debtor-in-possession, Hawley Coal Mining Corporation.

Following the entry of Judge Pearson's Order on January 30, 1984, FABC and EAB filed their notice of appeal and motion for stay pending appeal. On February 16, 1984, Judge Pearson entered an Order de-

nying the stay pending appeal, and mandated that discovery should proceed without delay.

The issue before the Court on appeal is whether the Bankruptcy Court abused its discretion in ordering the Rule 2004 examination. After carefully examining and considering the arguments of counsel in their memoranda submitted to the Court, it is the opinion of the Court that the Bankruptcy Court did not abuse its discretion, and therefore the Orders below are affirmed.

Rule 2004 of the Bankruptcy Rules states:

> On motion of any party in interest, the Court may order the examination of any party in interest.

 In the present case, the Bankruptcy Court, in its discretion, ordered that GATX be permitted to examine certain documents in the possession of FABC and EAB. It is well-settled that decisions made in the exercise of a bankruptcy Court's discretion will not be set aside unless there is plain error or abuse of discretion. *In re Ken Boatman, Inc.*, 359 F.Supp. 1062, 1063 (W.D.La.1973), *aff'd* 504 F.2d 924 (5th Cir.1974).

Appellants have failed to convince this Court that the Bankruptcy Court abused its discretion in ordering the Rule 2004 examination. Further, Appellants have failed to show that the subpoenas are oppressive in any manner.

Accordingly, it is hereby ORDERED that the decisions of the Bankruptcy Court be AFFIRMED. It is further ORDERED that GATX may proceed to examine the Appellants FABC and EAB in accordance with the conditions set forth in Judge Pearson's Order entered January 30, 1984; specifically at Pages 2 and 3, 2(a)(b) and (c).