# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

———————

No. 03-6034 ND

———————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Etty R. Rosenberg, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Motor Coach Industries, Inc., | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Creditor - Appellant, | * | District of North Dakota |
| | * | |
| v. | * | |
| | * | |
| Wayne Drewes, | * | |
| | * | |
| Trustee - Appellee, and | * | |
| | * | |
| Etty R. Rosenberg, | * | |
| | * | |
| Debtor - Appellee. | * | |

———————

Submitted: December  4, 2003
Filed: January 7, 2004

———————

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Motor Coach Industries, Inc. ("Appellant") appeals the bankruptcy court order authorizing Wayne Drewes ("Trustee") to conduct an examination of the Appellant pursuant to Federal Rule of Bankruptcy Procedure 2004. We have jurisdiction over the appeal from the final order of the bankruptcy court authorizing the Rule 2004 examination. *See* 28 U.S.C. § 158(b). We would have affirmed the bankruptcy court on the record before it. For the reasons set forth below, however, which include a stipulation of a material fact which was not available to the bankruptcy court, we reverse.

## ISSUE

The issue on appeal is whether the court properly authorized the Trustee of the Chapter 7 bankruptcy estate of Etty R. Rosenberg ("Debtor") to conduct a Rule 2004 examination of the Appellant, the Debtor's former employer. We conclude that the court properly authorized the Trustee to conduct a Rule 2004 examination of the Appellant to permit the Trustee to determine whether or not the estate had a claim against the Appellant arising out of the termination of the Debtor's employment. However, in light of the parties' stipulation on appeal that the Debtor's employment was terminated post-petition and post-conversion of her case from Chapter 13 to Chapter 7, any claim for wrongful termination is property of the Debtor and not property of the bankruptcy estate. Therefore, the Trustee should not be allowed to conduct an examination of the Appellant pursuant to Rule 2004.

## BACKGROUND

On June 21, 2002, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. At that time, the Debtor was employed by the Appellant. On September 17, 2002, the Debtor filed a motion to convert her case

to one under Chapter 7 of the United States Bankruptcy Code. On September 19, 2002, the bankruptcy court entered its order converting the Debtor's case to one under Chapter 7. On September 20, 2002, the Appellant suspended the Debtor without pay. In November 2002, the Appellant terminated the Debtor's employment.

On January 13, 2003, the Debtor filed amended Schedules listing a claim against the Appellant as an asset with a value of $5,700 and claiming an exemption in the claim in the amount of $5,700.

On June 2, 2003, the Trustee filed a motion with the bankruptcy court seeking authority to conduct a Rule 2004 examination of the Appellant. On June 9, 2003, the Appellant filed its objection to the motion. On June 11, 2003, the bankruptcy court entered its order directing the Appellant to produce certain documents to the Trustee pursuant to Rule 2004. The Appellant appeals the June 11 order.

## STANDARD OF REVIEW

Decisions authorizing examinations under Federal Rule of Bankruptcy Procedure 2004 are reviewed for an abuse of discretion. *Buckner v. Oklahoma Tax Comm'n (In re Buckner)*, 271 B.R. 213 (B.A.P. 10th Cir. 2001); *Rimsat, Ltd. v. Hilliard*, 207 B.R. 964, 969 (D. D.C. 1997); *In re Dinubilo*, 177 B.R. 932, 939 (E.D.Cal. 1993); *Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 200-01 (S.D. Ohio 1992);. *European-American Bank & Trust Co. v. GATX Aircraft Corp. (In re Hawley Coal Mining Corp.)*, 47 B.R. 392, 394 (S.D. W.Va. 1984).

## DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 2004, a bankruptcy court may order the examination of any entity relating to the acts, conduct, property,

liabilities or financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge. Fed. R. Bankr. P. 2004(a) and (b). The Debtor listed the claim against the Appellant as an asset in her amended schedules. In so doing, she brought an asset of the estate to the Trustee's attention. The Trustee is required to collect and reduce to money property of the estate as expeditiously as is compatible with the best interests of parties in interest. 11 U.S.C. § 704(1). Once the Trustee learned of the existence of the claim against the Appellant, he had a duty to investigate the claim and determine if any value existed for the benefit of the estate. The Trustee asked the Court to authorize him to use the examination powers available through Rule 2004 to investigate the claim as an asset of the estate. This was required for the Trustee to fulfill his statutorily mandated responsibilities. The scope of the requested examination related to the claim which was listed as an asset of the estate. Accordingly, the examination ordered by the court was within the scope of Rule 2004. Fed. R. Bankr. P. 2004(b).

A bankruptcy trustee is placed in a precarious position when faced with a potential lawsuit as an asset of the estate. The trustee must be certain that a cause of action exists before filing a suit. Otherwise the trustee may be subject to sanctions for filing a frivolous claim.[1] On the other hand, the creditors of the bankruptcy estate expect the trustee to pursue all valid claims on behalf of the estate. As a fiduciary, the trustee has the duty to determine whether the claim has value which can be realized for the benefit of creditors of the estate. Rule 2004 provides the mechanism for a trustee to fulfill this obligation.

---

[1] For example, Rule 11 subjects a party to sanctions for filing a claim if the allegations and other factual contentions do not have evidentiary support. Fed. R. Civ. P. 11( b).

4

Notwithstanding our conclusion that the court acted within its discretion in authorizing the Rule 2004 examination, on appeal the parties disclosed[2] the fact that the Appellant did not suspend or terminate the Debtor's employment until after the Debtor had filed her bankruptcy petition and converted her case to Chapter 7. As a result of the parties' stipulation, it is now apparent that any claim which the Debtor may have against the Appellant is not property of her bankruptcy estate.

An estate was created when the Debtor filed her Chapter 13 petition on June 21, 2002. 11 U.S.C. § 541(a). The estate consisted of all property of the Debtor as of that date. As of June 21, 2002, the Debtor was employed by the Appellant and had no claim against it relating to suspension or termination. In a Chapter 13 case, property of the estate also includes additional property which the debtor acquires during the course of the Chapter 13 reorganization. 11 U.S.C. § 1306(a)(1). Accordingly, had the Appellant suspended or terminated the Debtor's employment during the course of her Chapter 13 proceeding, any claim related to such suspension or termination would have become property of her Chapter 13 estate. The suspension and subsequent conversion did not occur until after the Debtors' case was converted to Chapter 7, however, therefore, any claim against the Appellant did not become property of her Chapter 13 case.

Absent bad faith, when a case is converted from Chapter 13 to Chapter 7, property of the estate in the Chapter 7 case consists of the property of the estate as of the original Chapter 13 petition date which remains in the debtor's control at the time of conversion. 11 U.S.C. § 348(f)(1)(A). The Debtor's claim for wrongful suspension or termination did not exist as of the original petition date and therefore did not become property of her Chapter 7 bankruptcy estate. To the extent the claim is

---

[2] At oral argument, we invited clarification of the date of the Debtor's termination. The parties submitted a stipulation on December 4, 2003 setting forth the dates of suspension and termination.

not property of the Debtor's bankruptcy estate, any examination by the Trustee of the Appellant does not fall within the scope of Rule 2004. Fed. R. Bankr. P. 2004(b). In light of the new facts presented by the parties in the stipulation, we reverse the order authorizing the Trustee to undertake the examination of the Appellant pursuant to Rule 2004.

## CONCLUSION

The bankruptcy court did not abuse its discretion in authorizing the Trustee to conduct an examination of the Appellant pursuant to Rule 2004 to determine if the estate had a claim arising out of the Appellant's termination of the Debtor's employment. However, in light of the parties' stipulation on appeal that the Debtor's employment was terminated post-petition and post-conversion to Chapter 7, any claim for wrongful termination is property of the Debtor and not property of the bankruptcy estate. Therefore, the order authorizing the Trustee to examine the Appellant pursuant to Rule 2004 is reversed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

6