In the Matter of Benjamin Lee
**SHEETZ**, Ronnie Rochelle
Sheetz, Debtors.

No. 10–14825.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

June 28, 2011.

Randall Brian Stiles, Stiles Law Office, Fort Wayne, IN, for Debtors.

P. Russell Perdew, Locke Bissell & Liddell, LLP, Chicago, IL, for BAC Home Loans Servicing.

Debra L. Miller, South Bend, IN, Chapter 13 Trustee.

## DECISION AND ORDER DENYING CREDITOR'S MOTION TO RECONSIDER 2004 EXAMINATION

ROBERT E. GRANT, Chief Judge.

In this Chapter 13 case, the trustee recently filed a motion seeking the court's permission to examine BAC Home Loans Servicing pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. She did so because she had received statements from BAC indicating payments or fees that did not agree with her records and she wanted to investigate the disparities. The court, acting ex parte, granted the motion, and, by an order entered on June 23, "authorized [the trustee] to examine BAC Home Loans Servicing LP pursuant to Bankruptcy Rule 2004." The very next day BAC filed an objection to the trustee's motion, which also requested reconsideration of the order granting it. It is that objection/motion to reconsider which is presently before the court and it may be considered without holding a hearing or requiring a response. *See, Dunn v. Truck World, Inc.,* 929 F.2d 311, 313 (7th Cir.1991). *See also,* N.D. Ind. L.B.R. B–9023–1(b).

BAC advances three arguments why the court should vacate the order authorizing the trustee's examination. First, it complains that the motion was granted ex parte, without giving it the opportunity to respond. Second, it seems to suggest that the trustee has no need to conduct the examination and finally it complains that her investigation is burdensome. None of these arguments is sufficient; indeed they seem to be reflect a fundamental misunderstanding concerning the 2004 process and the court's order.

Rule 2004 allows the court to authorize the examination of any entity on the motion of any party in interest. Fed.

R. Bankr.P. Rule 2004(a). The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or any matter affecting the administration of the bankruptcy estate. Fed. R. Bankr.P. Rule 2004(b). It can be as simple as where are the keys to the filing cabinet or as complex as what happened to the money? It may also be used to examine "creditors and third parties who have had dealings with the debtor." *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr.N.D.Ill.1985).

■ A Rule 2004 examination has often been characterized as a "fishing expedition" both because of its breadth and the context within which it occurs. *See, In re Apex Oil Co.*, 101 B.R. 92, 102 (Bankr. E.D.Mo.1989); *Wilcher*, 56 B.R. at 434; 9–2004 Collier on Bankruptcy ¶ 2004.02[1]. Such examinations do not take place within the context of any particular dispute, because the rule is really an investigatory device arising out of the needs of the trustee. As the court has previously observed, while we might wish that those with information sought by the trustee would voluntarily cooperate with the trustee's investigation that is not always the case; so Rule 2004 provides a vehicle by which that cooperation can be compelled. *See, J & R Trucking*, 431 B.R. 818, 822 (Bankr. N.D.Ind.2010). It gives the trustee the opportunity to investigate the debtor's affairs, in part, in order to determine what is what and whether there is a basis for initiating some type of litigation. *Dinubilo*, 177 B.R. at 940 (a Rule 2004 examination is "generally used as a pre-litigation device"). Indeed, once litigation has commenced, resort to Rule 2004 is no longer appropriate and the parties must, instead, use the traditional discovery tools provided by the Federal Rules of Civil Procedure. *Dinubilo*, 177 B.R. at 941; *See also, In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28–29 (Bankr.N.D.N.Y.1996) (collecting cases).

■ Whether or not the court authorizes a 2004 examination is a matter committed to its discretion, *In re Rosenberg*, 303 B.R. 172, 175 (8th Cir. BAP 2004); *In re Dinubilo*, 177 B.R. 932, 939 (Bankr. E.D.Cal.1993), and such motions are often considered ex parte.[1] *See e.g., Dinubilo*, 177 B.R. at 943; *J & R Trucking*, 431 B.R. at 821; *In re GHR Energy Corp.*, 33 B.R. 451, 454 (Bankr.D.Mass.1983); 9–2004 Collier on Bankruptcy ¶ 2004.01[2]. One reason they are considered ex parte is that, when the motion is correctly used and implemented, orders granting them do not require anything of the other party.[2] *See, In re Thow*, 392 B.R. 860, 866–67 (Bankr. W.D.Wash.2007). The rule contemplates only that the court may order the examination of any entity. That entity's cooperation in the examination process is then secured with a subpoena, issued under Rule 45 of the Federal Rules of Civil Procedure. *See,* Fed. R. Bankr.P. Rules 2004(c), 9016. *See also, Thow*, 392 B.R. at 866–67. If the examinee thinks that the

---

**1.** Although BAC complains that the court granted the trustee's motion ex parte, without giving it the opportunity to respond, none of the cases it cites in support of that argument dealt with a motion for a 2004 examination. *See,* Objection and Motion, filed June 24, 2011, ¶ 4.

**2.** If the court's order authorizing the examination required BAC to do anything perhaps there might be some justification for either

holding a hearing or giving it the opportunity to respond. *See, Thow*, 392 B.R. at 866–67. Although 2004 motions often ask it to require specific things, this court does not use such language in its orders granting them and, instead, does nothing more than authorize the examination, leaving the details to be addressed by the parties or through the subpoena process.

subpoena is inappropriate, it may take advantage of the procedures outlined there. *See,* Fed.R.Civ.P. Rule 45(c). *See e.g., Wilcher,* 56 B.R. 428; *Dinubilo,* 177 B.R. at 943; *In re Subpoena Duces Tecum,* 2011 Bankr.LEXIS 293 (Bankr.C.D.Cal. 2011). This process has the advantage of allowing the court to avoid the appearance of approving any details of the examination, such as when, where, etc. Only if there is a dispute on such issues does the court need to become involved. The point here is that unless and until the examinee is subpoenaed in connection with an authorized examination, there is nothing it needs to do and it has precious little to complain about.

The court's order authorizing the present examination is completely consistent with the proper use of Rule 2004. It does not require a thing from BAC. Instead, it simply authorized the trustee to examine BAC. Armed with that authority, if the trustee wants to do anything more than make polite requests for information, she may do so; but unless and until BAC is served with a subpoena requiring it to do something in particular, to sustain its objection would be tantamount to saying the trustee has no right to make any inquiry of BAC. Such a proposition would be astounding.

■ Although not required by the specific text of Rule 2004, there should be "sufficient cause" for the examination. *J & R Trucking,* 431 B.R. at 821; *Dinubilo,* 177 B.R. at 943; *In re Symington,* 209 B.R. 678, 687 (Bankr.D.Md.1997); *Wilcher,* 56 B.R. at 434. Given the multitude of circumstances which might arise in any bankruptcy case, it is difficult to generalize with regard to what may or may not be sufficient cause. Nonetheless, in determining what constitutes such cause, the rule's purpose as an investigatory device, arising out of the needs of trustees and to

enable them to quickly gather the information they need to properly do their jobs, should always be kept in mind. *See, J & R Trucking,* 431 B.R. at 822. The further a motion for examination strays from that purpose, the more carefully it should be scrutinized. *J & R Trucking,* 431 B.R. 818. Yet, the converse is also true. The more closely the request coincides with the purpose of the rule, the less need for scrutiny.

■ Here, the reasons for the requested examination correspond precisely with the scope of the trustee's responsibilities and the purpose for the rule. This case is pending under Chapter 13 of the United States Bankruptcy Code. Under the terms of the confirmed plan the trustee is responsible for making both the regular mortgage payment due BAC and paying the various arrearages, costs, expenses, attorney fees, etc. on account of its claim. *See,* Chapter 13 Plan, filed November 23, 2010, Class Two, Class Three; Agreed Modification, filed March 7, 2011; Agreed Modification, filed March 9, 2011. Doing so obviously requires accurate information concerning the claim, the arrearages, and any other charges. Based upon the motion, the trustee has received conflicting information concerning what those amounts might be. The stated purpose for the examination is to investigate those discrepancies. That is an eminently reasonable thing to do. Short of a 2004 examination, the only other way to compel access to such information would be for the trustee to object to the proof of claim. Yet, because a claim constitutes prima facie evidence as to both validity of the debt and the amount due, Fed. R. Bankr.P. Rule 3001(f), before the creditor is required to do anything whatsoever in response to an objection, the objector must first come forward with information that will overcome the evidentiary effect of the claim. *See, In*

*re Smith*, 249 B.R. 328, 332–33 (Bankr. S.D.Ga.2000). But, unless the trustee is given access to information before it objects how can it carry its initial burden and object to the claim with the requisite specificity? *See, In re Taylor*, 289 B.R. 379, 384 (Bankr.N.D.Ind.2003) ("an objection to a proof of claim must allege facts which, if accepted as true, would trigger one of the statutory reasons for denying a claim."). Simply saying "I object" is not enough. *See, Matter of Consolidated Industries Corp.*, 2007 WL 4893503 (Bankr.N.D.Ind. 2007) ("All the trustee has done is object to the claim, he has not explained why."). Since discovery is not available until after litigation has been commenced, Rule 2004 is the only vehicle the trustee has by which she can be assured of getting the information she needs to evaluate the claim in order to determine whether it might be objectionable.

■■■ Movant's argument that the trustee has failed to provide enough specific information concerning the discrepancies she wants to investigate seems to ask too much. It would, in effect, require the trustee to specifically identify particular problems before she has had the opportunity to sufficiently investigate the situation. Remember, Rule 2004 can properly be a fishing expedition and upon setting out for such an expedition one does not usually limit the fish one sets out to catch. It is perfectly permissible to troll for whatever might bite. Any problems in the method, scope, or conduct of the examina-

tion should be dealt with through the subpoena process and Rule 45, rather than litigating over whether the trustee has the right to ask her questions in the first place.[3]

BAC has no basis for opposing the trustee's motion for a 2004 examination or the court's order granting it. The court understands that, as stated in its motion, BAC intends to communicate with the trustee regarding her concerns and reach a consensual resolution of the matter. Motion and Objection, ¶ 3. It is certainly welcome to do so and the court wishes them both every success. *Cf,* Fed.R.Civ.P. Rules 26(c)(1), 37(a)(1) (requiring counsel to confer before initiating a discovery dispute). Nonetheless, if those efforts are not successful, the trustee should have the opportunity to conduct an examination under Rule 2004.

BAC's objection to the trustee's motion for a 2004 examination is OVERRULED and its motion to reconsider the order granting the trustee's request is DENIED.

SO ORDERED.

---

**3.** It is quite possible that the responses to the trustee's inquiries may lead the trustee to believe that the information she has received from BAC is accurate and so there is no need to object to the claim or initiate litigation. It strikes the court as very strange that, through motions and objections over whether the trustee should be authorized to conduct a 2004 examination, the court is, in effect, litigating whether the trustee should have access to information which might avoid the need for litigation. Does a dispute concerning a motion for a 2004 examination become a contested matter activating the discovery rules for interrogatories, depositions and the like? See, Fed. R. Bankr.P. Rule 9014(c). If so, does all of that discovery subsume the original 2004 inquiry, eliminating the need for the court to rule?